446 A.2d 627

**COMMONWEALTH of Pennsylvania**

v.

**Michael Dennis TACKER, Appellant.**

Superior Court of Pennsylvania.

Argued June 1, 1981.

Filed June 4, 1982.

Petition for Allowance of Appeal Denied Nov. 5, 1982.

Carol K. McGinley, Public Defender, Allentown, for appellant.

William H. Platt, District Attorney, Allentown, for Commonwealth, appellee.

Before McEWEN, MONTEMURO and SHERTZ, JJ.

McEWEN, Judge:

We here review an appeal from a judgment of sentence to life imprisonment for first degree murder and to a consecu-

tive term of ten to twenty years for robbery, both of which were imposed after appellant was convicted by a jury of first degree murder during the commission of an armed robbery.[1]  We affirm.

The uncontroverted facts reveal the victim was an attendant at a service station in the village of Cementon, Whitehall Township, Lehigh County, on December 13, 1978, when he was murdered by two gunshots fired at close range during the perpetration of a robbery in which the sum of $139.46 was removed from the victim.

A principal Commonwealth witness was a woman acquaintance of the defendant. She testified that three days before the occurrence the defendant mentioned the robbery of the pertinent gas station because of his need for money.  She further testified that on the very evening of the robbery he displayed a gun to her, he told her he intended to rob the gas station and, approximately one hour later, while still holding a gun, he told her he had just robbed the gas station.

Appellant presents seven questions for our consideration, including a contention that the trial judge erred by not permitting the introduction of evidence relating to the admission of this principal witness, two days after her trial testimony, to the psychiatric ward of Allentown Hospital.[2] The trial judge refused to allow in evidence any medical records concerning that admission and refused to allow testimony of a psychiatrist concerning his impressions of her mental state.  The defendant could not indicate, however, in his offer of proof, that the proposed evidence was relevant to her ability to observe, remember or recount the matters upon which she had testified.  The psychiatrist would not have been able to state there was a relationship between her

1.  The trial judge, pursuant to a stipulation between counsel for the parties, tried the defendant without a jury upon the charge of a former convict owning a firearm.  The trial judge found the defendant guilty of that offense.  This procedure was employed as the defendant had been convicted, just two years earlier, of a burglary of the very same gas station involved in this case.

2.  The brief of appellant sets forth in its Statement of Questions Involved the following issues:

condition and her testimony; nor did the proffered hospital records provide reference to a relationship between her condition and her testimony.

■ The learned Justice Samuel J. Roberts, in *Commonwealth v. Harris*, 492 Pa. 389, 391, 424 A.2d 1245, 1248 (1981), quoting from the Pennsylvania landmark decision of *Commonwealth v. Kosh*, 305 Pa. 146, 157 A. 479 (1931), repeated the applicable principle:

> [M]ere mental derangement on some matter not connected with the subject of the litigation and not affecting the testimonial ability of the witness is not even to be considered by the jury in determining the credibility of the witness.

Judge Robert Lee Jacobs, the eminent former President Judge of this Court, in reviewing Pennsylvania law in this area, reasserted this prevailing principle in a unanimous decision of this Court, *Commonwealth v. Butler*, 232 Pa.Super. 283, 287, 331 A.2d 678, 680 (1974), when he stated:

> The crucial determination that a trial judge must make in ruling on the admissibility of evidence of a witness's

A. Did the trial court abuse its discretion in refusing to permit defendant to prove that a Commonwealth witness was admitted to a hospital psychiatric ward two days after she testified in the case, where, in the offer of proof, there was no offer to show any relationship between the hospital admission and the witness' ability to observe, recall or testify?

B. Did the trial court err in permitting a ballistics expert to testify as to possible makes of weapons which could have fired the bullets recovered at a homicide, where such testimony was based, in part, on information received from another ballistics laboratory?

C. Did the court err in hearing defendant's *Bighum* motion at the close of the Commonwealth's case, but before the defense opened to the jury and before defendant elected to testify?

D. Did the court err in admitting into evidence the clothing of the victim for the purpose of showing bullet paths and powder burn evidence?

E. Did the Commonwealth "impeach" its own witness, the defendant's father, when it presented contradictory evidence?

F. Did the court err in sustaining an objection to a defense witnesses (sic) testimony concerning the effect of chroming on the inside of a gun barrel?

G. Did the court err in its rulings permitting the Commonwealth to present certain rebuttal testimony?

mental instability is whether it is related to the subject of the litigation or whether it affects the testimonial ability of the witness so as to impeach him.

■ The jury had already been made thoroughly aware of the mental health problems of this witness as a result of an intensive interrogation by counsel for the defendant that covered, *inter alia*, her history of suicide attempts, a psychiatric hospitalization approximately five years prior to her testimony and a psychiatric hospitalization five months prior to her testimony. The court did not err in its refusal to permit admission of the post-testimony hospital records and the testimony of the psychiatrist.

■ The appellant also contends that it was prejudicial error for the court to fail to grant his *Bighum* motion in timely fashion. *See Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973). The omnibus motion of the defendant included a request that any reference to the prior criminal record of the defendant be excluded from the trial. The trial judge ruled that the Commonwealth was precluded from using the prior burglary conviction for purposes of impeaching the credibility of the defendant if he testified. The court so ruled at the conclusion of the presentation of the case of the Commonwealth, and prior to commencement of the presentation of the defense. The trial judge had, approximately ten days prior to the trial, withheld a ruling upon this motion, and granted permission to the defendant to subsequently raise the issue. The brief of the defendant provides a clear outline, and fervent presentation, of the harm allegedly suffered by the defendant as a result of the failure by the court to earlier rule in favor of the defendant upon this motion. It must be noted, however, that counsel for the defendant had not at any earlier time in the trial, or during the ten day period prior to trial, sought a final ruling on the motion. The defendant did raise other matters with the trial court prior to the selection of a jury but did not seek a ruling from the court on the *Bighum* motion. The court, in its order ten days before trial, made clear that the defendant was to later renew the motion; it is difficult to accept that the defendant would acquiesce in a delay that

would cause the dire consequences of which he now complains. The Commonwealth completed presentation of its case in a fashion that was sterile of reference to the prior criminal record of the defendant. As the brief of the defendant notes, the fundamental purpose of the rule is to balance the potential prejudice from the revelation of a prior criminal record against the right of the defendant to testify on his own behalf. As the court ruled prior to the commencement of the presentation of the defense, and thereby enabled the defendant to testify on his own behalf without fear of impeachment by use of his prior record, that purpose of the rule was achieved.

The remaining five questions concern evidentiary rulings of the judge during the trial, and our study of the brief as well as of the entire record, compels the conclusion that the court ruled properly in each instance.

While we here address two of the questions presented for consideration, it is our view that the learned Lehigh County Common Pleas Court Judge Maxwell E. Davison has very ably addressed, and quite correctly ruled, upon all of the contentions of the appellant in his comprehensive opinion.

Judgment of sentence affirmed.

SHERTZ, J., did not participate in the consideration or decision of this case.