J-A25013-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LAMARCUS EUGENE DRAYTON | |
| Appellant | No. 1742 MDA 2018 |

Appeal from the Judgment of Sentence entered August 20, 2018
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0002609-2016

BEFORE:  STABILE, McLAUGHLIN, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:  **FILED FEBRUARY 24, 2020**

Appellant, Lamarcus Eugene Drayton, appeals from the judgment of sentence entered on August 20, 2018 in the Court of Common Pleas of Dauphin County following his conviction of two counts of involuntary deviate sexual intercourse—person less than 16 years of age ("IDSI"), and one count each of unlawful contact with a minor, indecent assault, and corruption of minors.[1]  Appellant argues that the verdict was against the weight of the evidence and that the trial court erred in denying admission of a prior inconsistent statement of the victim.  Upon review, we affirm.

---

[1] 18 Pa.C.S.A. §§ 3123(a)(7), 6318(a)(1), 3126(a)(8), and 6301(a)(1)(i), respectively.

Following a jury trial in May 2018, Appellant was convicted of the crimes listed above. On August 10, 2018, he was sentenced to an aggregate term of ten to twenty years in prison, followed by five years' probation.

Appellant filed a post-sentence motion, which the trial court denied on September 27, 2018. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant asks us to consider two issues in this appeal:

1. Did the trial court commit reversible error in refusing to grant Appellant a new trial despite the jury's verdict being so contrary to the weight of the evidence presented as to shock one's sense of justice?

2. Did the trial court abuse its discretion in refusing to permit the jury to learn of prior inconsistent statements of the alleged victim, which were being proffered at trial by Appellant for both substantive and impeachment purposes?

Appellant's Brief at 5.

In its Rule 1925(a) opinion, the trial court summarized the testimony presented at trial, with references to the notes of testimony. The trial court noted that the Commonwealth presented three witnesses. The first, Biancha Lackey ("Lackey"), testified that she is the grandmother of M.B., the victim in this case. Lackey contacted Children and Youth in May of 2015 after noticing a bruise on M.B.'s neck. She was granted physical custody and guardianship of M.B. Trial Court Opinion, 12/13/18, at 2 and 5. The second witness was Linda Sharretts, a licensed professional counselor, to whom M.B. reported sexual assault allegations against Appellant. *Id.* at 2-3. The third witness

was M.B., who is Appellant's nephew. M.B., who was fifteen years old at the time of trial, testified in detail about a number of instances of sexual abuse perpetrated by Appellant against M.B. These events occurred over several years at different houses where M.B.'s family resided in Harrisburg. *Id.* at 3-5.

The defense presented two witnesses, both of whom were M.B.'s cousins. The first cousin recounted a conversation with M.B. during which M.B. admitted that he lied when he made allegations against Appellant. On cross-examination, the witness acknowledged he did not report the conversation to police. *Id.* at 5. The second cousin testified that she overheard the conversation and that M.B. admitted he was lying so he would not have to go back and live with his mother. As the trial court noted, this witness was supposedly sleeping when the conversation took place between M.B. and the other cousin. *Id.*[2]

Appellant's first challenge is to the weight of the evidence. Appellant preserved this issue by raising it in his post-sentence motion, seeking a new trial on that basis.

"The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the

---

[2] The witness testified, "Like technically I wasn't sleepin', but I was sleepin'." Notes of Testimony, Trial, ("N.T."), at 171. She then stated she was pretending to be asleep. *Id.*

credibility of the witnesses." ***Commonwealth v. Baker***, 201 A.3d 791, 799

(Pa. Super. 2018) (quoting ***Commonwealth v. Gonzalez***, 109 A.3d 711, 723

(Pa. Super. 2015)). "To successfully challenge the weight of the evidence, a

defendant must prove the evidence is 'so tenuous, vague and uncertain that

the verdict shocks the conscience of the court.'" ***Commonwealth v.***

***Windslowe***, 158 A.3d 698, 712 (Pa. Super. 2017) (quoting ***Commonwealth***

***v. Mucci***, 143 A.3d 399, 411 (Pa. Super. 2016) (additional citation omitted)).

As our Supreme Court explained in ***Commonwealth v. Clay***, 64 A.3d

1049 (Pa. 2013), "[a] motion for a new trial based on a claim that the verdict

is against the weight of the evidence is addressed to the discretion of the trial

court." ***Id.*** at 1054-55 (citing ***Commonwealth v. Widmer***, 744 A.2d 745,

751-52 (Pa. 2000); ***Commonwealth v. Brown***, 648 A.2d 1177, 1189 (Pa.

1994)). "[T]he role of the trial judge is to determine that 'notwithstanding all

the facts, certain facts are so clearly of greater weight that to ignore them or

to give them equal weight with all the facts is to deny justice.'" ***Id.*** at 1055

(quoting ***Widmer***, 744 A.2d at 752).

The Court in ***Clay*** further instructed:

An appellate court's standard of review when presented with a
weight of the evidence claim is distinct from the standard of review
applied by the trial court:

Appellate review of a weight claim *is a review of the exercise
of discretion, not of the underlying question of whether the
verdict is against the weight of the evidence.* ***Brown***, 648
A.2d at 1189. Because the trial judge has had the
opportunity to hear and see the evidence presented, an
appellate court will give the gravest consideration to the

- 4 -

findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. *Commonwealth v. Farquharson*, 467 Pa. 50, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Id.* at 1055 (quoting *Widmer*, 744 A.2d at 753) (emphasis in original).

Here, Appellant complains there was "a complete dearth of any physical evidence at Appellant's trial. The only evidence the Commonwealth presented was in the form of the alleged victim's testimonial evidence." Appellant's Brief at 12. Appellant contends that the verdict "rest[ed] unsoundly on the cringe worthy credibility of M.B.'s testimony, which on balance, was so inherently unreliable that the rendered verdict was likely based on conjecture." *Id.* Appellant suggests M.B.'s testimony was "inherently unreliable" and "incredulous," consisting of "false and misleading narratives." *Id.* at 18. He argues the "baseline veracity of M.B.'s allegations were demonstrably proven to be fictitious by two (2) separate witnesses." *Id.* at 20.

As the trial court recognized, this Court has held "that the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant, despite contrary evidence from defense witnesses." Trial Court Opinion, 12/13/18 (quoting *Commonwealth v. Davis*, 650 A.2d 452, 455 (Pa. Super. 1994), *aff'd on other grounds*, 674 A.2d 214 (Pa. 1996)). Here, the verdict reflects that the jury believed M.B.,

in spite of rigorous cross-examination by the defense and the testimony of the defense witnesses.

Appellant complains the trial court failed "to conduct a qualitative (or quantitative) analysis of the testimonial evidence, to reach a dispassionate conclusion of witness believability." Appellant's Brief at 17. We cannot agree. As the trial court explained:

> The Commonwealth introduced evidence that, if believed, established a finding of guilt on the [crimes charged]. The victim, M.B., gave a compelling and detailed account of the sexual abuse endured at the hands of Appellant. M.B. gave a vivid recollection of sexual abuse at several houses that he lived at while growing up. M.B. testified that the Appellant would make him perform oral sex and that Appellant would touch his penis and butt. M.B. also testified that on one occasion, he was made to lie down and put his legs in the air while Appellant tried to stick his penis in his anal area. Here, the jury found the victim's testimony credible and chose not to believe Appellant's witnesses. It was within the province of the jury as fact-finder to resolve all issues of credibility, resolve conflicts in evidence, make reasonable inferences from the evidence, believe all, none, or some of the evidence, and ultimately adjudge Appellant guilty. **Commonwealth v. Gooding**, 818 A.2d 546 (Pa. Super. 2003). Accordingly, the jury properly weighed the testimony presented and found Appellant guilty of the afore-mentioned crimes. The testimony, if believed, does not shock one's sentence of justice. Further, this court found M.B.'s testimony credible as well as compelling.

Trial Court Opinion, 12/13/18, at 6-7.[3]

---

[3] We have taken the liberty of making slight alterations to the quoted excerpt that do not affect the substance of the court's statement. For instance, the court referred to the victim as "MB" whereas we have identified him as "M.B."

Just as this Court did in **Gooding**, we have likewise reviewed the record for ourselves, and "our sense of justice is not shocked by the verdict." **Gooding**, 818 A.2d at 552. Again, the weight of the evidence is for the finder of fact and this Court will not substitute its judgment for that of the finder of fact. Finding no abuse of discretion in the trial court's refusal to grant a new trial based on weight of the evidence, we dismiss Appellant's first issue for lack of merit.

Appellant next argues that the trial court abused its discretion by refusing to admit a prior inconsistent statement attributed to M.B. As this Court reiterated in **Commonwealth v. Crosley**, 180 A.3d 761 (Pa. Super. 2018):

> "Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and a reviewing court will not reverse the court's decision on such a question absent a clear abuse of discretion." **Commonwealth v. Hernandez**, 862 A.2d 647, 650 (Pa. Super. 2004) (citations omitted). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Commonwealth v. Henkel**, 938 A.2d 433, 440 (Pa. Super. 2007).

**Id.** at 768.

> In **Henkel**, we stated:
>
> The general rule is that a prior inconsistent statement of a declarant is admissible to impeach the declarant. Prior inconsistent statements also can be admitted as substantive evidence provided the declarant testifies at trial and is subject to cross-examination concerning the statement and one of the following is true: 1) the prior inconsistent statement was given

- 7 -

under oath subject to the penalty of perjury at a trial, hearing, deposition, or other proceeding; 2) the prior inconsistent statement is contained within a signed writing adopted by the declarant; and/or, 3) the rendition of the statement offered is a verbatim contemporaneous recording of an oral statement. **Commonwealth v. Chmiel**, 558 Pa. 478, 738 A.2d 406, 419 (1999), *writ of certiorari denied*, 528 U.S. 1131, 120 S.Ct. 970, 145 L.Ed.2d 841 (2000), *citing* **Commonwealth v. Lively**, 530 Pa. 464, 610 A.2d 7, 8 (1992)[.]

**Henkel**, 938 A.2d at 442-43 (some citations omitted).

Appellant argues that the trial court "palpably abused its discretion in denying Appellant his right to impeach and confront his alleged victim through the introduction of M.B.'s prior inconsistent statements, which disavowed the occurrence of the very crimes as charged." Appellant's Brief at 22 (footnote omitted). He asserts that "M.B's previous statement denying Appellant committed any wrongdoing is unmistakably inconsistent with his trial testimony claiming Appellant is the perpetrator of the sexually based offenses." *Id.* at 23-24.

The statement at issue is a transcription of a statement given to the Children's Resource Center ("CRC") in 2009 when M.B. was six years old. According to Appellant, "[t]he 2009 statement contradicts M.B.'s 2015 statement made in a subsequent interview with the CRC, whereby M.B. recalled being sexual[ly] abuse[d] by Appellant beginning back when he was six (6) years old." *Id.* at 28. "M.B.'s factual account during both these interviews differs further from his testimony at Appellant's trial – in which M.B.

testified on direct examination that Appellant began sexually abusing him when he was between 8 and 9 years old." *Id.*

We first note that Appellant's counsel cross-examined M.B. on the statement made in the 2015 interview (in which M.B. stated the abuse started when he was six years old) and highlighted the inconsistency with his testimony on direct examination (when M.B. testified he was between eight and nine years old when the abuse began). Although Appellant complains about the court's refusal to permit introduction of "prior inconsistent **statements**," it is clear Appellant was able to challenge M.B.'s comments from the 2015 statement. Therefore, as the trial court suggests, it appears the focus of Appellant's second issue is the trial court's denial of admission of the 2009 interview "that took place when the child was six years old and prior to the incidents charged." Trial Court Opinion, 12/13/18, at 7. As the court explained:

> Here, the Commonwealth did not elicit any testimony regarding a CRC interview with the victim that occurred in 2009 **when the victim was only 6 years old**. Thus, defense counsel would be unable to cross-examine the witness using the CRC video to refresh the recollection of the victim's testimony because he did not testify on direct examination about the CRC video. [Pa.R.E. 803.1(3)—Recorded Recollection of Declarant-Witness[4]] does not

_____

[4] Pa.R.E. 803.1 outlines exceptions to the rule against hearsay under circumstances when the testimony of the declarant is necessary. They include the recorded recollection of a declarant-witness as provided in Rule 803.1(3), which provides that statement is not excluded by the hearsay rule if the

address an inability to recall the statement. Instead, the Rule speaks to whether the witness can recall the matter. The Rule contemplates that the questioner will ask the witness about the actual events at issue prior to inquiring about a past statement given. Here, defense counsel did not ask the victim whether he remembered any of the actual events that occurred but instead asked whether he remembered giving a statement to CRC when he was only six years old in hopes of introducing the transcript of the interview.[10] Accordingly, the victim did not remember the statement given at that time. N.T. at 149.

> [10] We further note that the interview was not given under oath and that the victim was six years old when the statement was given.

*Id.* at 8 (emphasis in original).

After recognizing that a prior inconsistent statement may be offered not only to impeach a witness, but also as substantive evidence if additional requirements of reliability are met, as reflected in the ***Henkel*** excerpt above, the trial court announced:

---

declarant testifies and is subject to cross-examination about the prior statement, which is

> [a] memorandum or record made or adopted by a declarant-witness that:
>
> (A) is on a matter the declarant-witness once knew about but now cannot recall well enough to testify fully and accurately;
>
> (B) was made or adopted by the declarant-witness when the matter was fresh in his or her memory; and
>
> (C) the declarant-witness testifies accurately reflects his or her knowledge at the time when made.

Pa.R.E. 803.1(3)—**Recorded Recollection of Declarant-Witness.**

This court finds that the reliability of a statement given to a CRC interviewer that is not under oath and not signed by a six year old child is not demonstrably reliable and trustworthy. Defense counsel attempts to get into a series of questions regarding the CRC interview because they are "probative to the witness's state of mind." N.T. at 149. We are unable to discern what exactly defense counsel was trying to prove by getting into the state of mind of a six year old child. Here the victim testified that the events occurred after the CRC interview. The victim also testified that he did not remember giving a CRC interview when he was six years old. The victim was never asked whether he remembered these events occurring when he was six years old (i.e. whether he was sexually abused at six years old). The victim was only asked if he remembered giving a CRC interview.

*Id.* at 9.

The court continued, noting that should this Court determine it was error not to permit introduction of the 2009 interview, Appellant was not prejudiced by the court's ruling.

[Appellant] fails to set forth (and thus properly preserve) what was essential in the 2009 CRC interview that would have vindicated his innocence. Additionally, trial counsel thoroughly cross-examined the victim and drew out any inconsistencies between a CRC interview given in 2015 and the trial testimony. The Appellant's overall trial strategy was to challenge the credibility of the accuser by pointing to the lack of physical evidence, the inconsistencies in the victim's testimony, and the introduction of two witness[es] who testified that the victim was not telling the truth. As such, assuming arguendo that the transcript was improperly precluded, Appellant was not prejudiced by the failure of the introduction of the [2009] CRC transcript and no relief is due.

*Id.* at 9-10.

Based on our review, we find no abuse of discretion in the trial court's ruling that precluded admission of the 2009 CRC interview. Therefore, we will not disturb it.

- 11 -

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/24/2020