J-S12044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DUANE E. FULGER :
:
Appellant : No. 2427 EDA 2021

Appeal from the PCRA Order Entered October 28, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006387-2014

BEFORE: BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED JULY 27, 2022**

Appellant, Duane E. Fulger, appeals from the October 28, 2021 Order entered in the Montgomery County Court of Common Pleas, which denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

On February 28, 2018, the trial court resentenced[1] Appellant to an aggregate term of 23½ to 47 years' imprisonment after a jury found Appellant guilty of Rape of a Child and related offenses for the repeated sexual assault of his Wife's granddaughter beginning when the child was six or seven years old. Appellant did not file a direct appeal.

_____

[1] On August 18, 2016, the trial court sentenced Appellant to serve consecutive terms of 20 to 40 years' imprisonment for Rape of a Child and 10 to 20 years' imprisonment for Unlawful Contact with a Minor. Appellant filed a timely Notice of Appeal, and this Court vacated Appellant's judgment of sentence and remanded for resentencing based on a sentencing error in the term of imprisonment imposed for Unlawful Contact with a Minor.

On February 22, 2019, Appellant filed a timely counseled PCRA petition alleging ineffective assistance of trial counsel for failing to call character witnesses and failing to request a medical examination of the victim. PCRA Petition, 2/22/19, at ¶ 11. The Commonwealth filed a motion opposing the petition and requested that the court dismiss the petition without a hearing.

On October 14, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice to dismiss Appellant's petition without a hearing because Appellant failed to attach required witness certifications and failed to sufficiently plead ineffective assistance of counsel. Notice, 10/14/21, at 2 (unpaginated). On October 21, 2021, Appellant filed a response, without leave of court, asserting an additional claim that trial counsel was ineffective for failing to advise Appellant regarding the importance of character witnesses. Response, 10/21/21, at 4 (unpaginated). Once again, Appellant did not attach witness certifications. On October 28, 2021, the PCRA court dismissed Appellant's petition without a hearing.

Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

A. Did the Honorable [PCRA c]ourt err in not finding trial counsel ineffective for failure to call witnesses who would provide mitigation testimony regarding Appellant's character at trial where such witnesses would have been known to trial counsel upon minimal investigation and communication with Appellant?

B. Did the Honorable [PCRA c]ourt err in not finding trial counsel ineffective for failure to request a medical examination of the

- 2 -

complaining witness after being instructed by Appellant to do so?

Appellant's Br. at 5.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citing *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014)). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [the] appellant." *Id.* To satisfy this burden, the appellant must plead and prove by a preponderance

of the evidence that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. *Id.*

Moreover, where a petitioner alleges ineffectiveness for failure to call a witness, the petitioner must prove that (1) the witness existed and was available and willing to testify; (2) counsel knew or should have known of the witness; and (3) there is a reasonable probability that the witness's testimony would have led to a different outcome at trial. *Commonwealth v. Dennis*, 17 A.3d 297, 302 (Pa. 2011); *Commonwealth v. Pander*, 100 A.3d 626, 639 (Pa. Super. 2014).

In his first issue, Appellant avers that the PCRA court erred when it denied him an evidentiary hearing and refused to hear evidence on his claim that trial counsel was ineffective for failing to call character witnesses at trial. Appellant's Br. at 10. Appellant avers that the witnesses "obviously existed, and were likely available to testify at trial" because they testified on his behalf during the sentencing hearing. *Id.* Appellant's claim is devoid of merit.

First and foremost, the PCRA court found that Appellant failed to comply with Section 9545(d) and produce witness certifications from potential character witnesses, or any witnesses. PCRA Ct. Op., dated 1/11/22, at 5. Even after the PCRA court gave notice of the defect in its Rule 907 notice to

dismiss the petition without a hearing, Appellant failed to cure the defect in his response. This omission precluded any witnesses from testifying at an evidentiary hearing and, without more, would have been sufficient grounds to dismiss the petition. **See** 42 Pa.C.S. 9545(d)(1)(iii) (stating failure to comply "shall render the proposed witness's testimony inadmissible"). However, the PCRA court also found that Appellant failed to plead and prove in his petition or response that the alleged character witnesses were available to testify at the time of trial and were qualified to testify regarding Appellant's character. PCRA Ct. Op. at 6. Rather, Appellant simply averred that because the witnesses testified at Appellant's sentencing, they probably would have been available and willing to testify as character witnesses during trial. Appellant failed to demonstrate that his claim had arguable merit and, therefore, the PCRA court did not abuse its discretion when it dismissed his petition without a hearing.[2]

In his next issue, Appellant makes the nonsensical argument that trial counsel was ineffective for failing to request a medical examination of the victim, even though the victim disclosed the sexual assaults several years

---

[2] To the extent that Appellant argues that trial counsel was ineffective for failing to inform Appellant about the importance of character witnesses, this claim is waived because Appellant failed to include it in his Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b)(vii). Moreover, Appellant failed to include this claim in his PCRA petition and included this new claim in his Rule 907 response without requesting leave of court to do so. **See Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012) (citing Pa.R.Crim.P. 905) (stating that the amendment of a PCRA petition is permitted only by direction or leave of court).

after they occurred.  *See* Appellant's Br. at 12.  In response, the PCRA court opined:

> This argument ignores the fact that [Appellant] committed his offenses approximately two years before trial counsel entered his appearance in this case.  [Appellant] did not demonstrate in his petition how a medical examination performed years after the offenses occurred would have been relevant to whether the minor victim suffered physical trauma[.]

PCRA Ct. Op. at 7.  The PCRA court also emphasized that Appellant "did not demonstrate that the trial counsel could have obtained a medical examination of the minor victim." *Id.*

Our review of the record supports the PCRA court's observations that Appellant's claim lacked arguable merit and that Appellant failed to demonstrate prejudice.  In his PCRA petition, Appellant failed to explain how a defense medical examination performed numerous years after the sexual assaults occurred could have provided evidence that would affect the outcome of his case and neglected to cite case law that would even permit him to compel the victim to submit to such an examination.  *See Commonwealth v. Davis*, 650 A.2d 452, 458 (Pa. Super. 1994) (declining to find trial counsel ineffective for failing to request medical examination of sexual assault victim five years after disclosure due to lack of probative value and appellant's failure to cite "authority that a victim of sexual assault may be compelled, upon motion of the defendant, to undergo an invasive medical examination").  Because Appellant failed to plead and prove a meritorious claim, the PCRA

court did not abuse its discretion when it dismissed the petition without a hearing.

In conclusion, Appellant failed to demonstrate that his ineffective assistance of counsel claims had merit or that any genuine issues of material fact existed. Accordingly, the PCRA court did not abuse its discretion in entering its order denying relief without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2022