549 A.2d 205

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Lloyd William BELL.**

Superior Court of Pennsylvania.

Argued Aug. 31, 1988.

Filed Oct. 17, 1988.

574

Stuart B. Suss, Assistant District Attorney, West Chester, for Com., appellant.

Robert M. Burkholder, Jr., West Chester, for appellee.

Before CAVANAUGH, BROSKY and MONTEMURO, JJ.

BROSKY, Judge:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas, Chester County, dismissing as time barred the charges of statutory rape, indecent assault, corruption of minors and endangering the welfare of children against appellee, Lloyd William Bell. The sole issue before us is whether passage of 42 Pa.C.S.A. § 5554(3) operates to toll periods of limitation which have already

commenced. We must conclude that it does and accordingly reverse the order appealed from.

Appellee was charged with rape, statutory rape, indecent assault, corruption of minors and endangering the welfare of children by criminal complaint dated May 21, 1987 in connection with his alleged sexual molestation of his minor daughter.[1] At his preliminary hearing, the Commonwealth introduced the testimony of the victim to establish that appellee had perpetrated the acts underlying his charges dating back to 1980 and continuing until August of 1984. Appellee filed a petition for Writ of Habeas Corpus and Modification of Bail in which he alleged that he could not be prosecuted for the offenses of statutory rape, indecent assault, corruption of minors and endangering the welfare of children as the Commonwealth failed to file a complaint relating to these offenses within the two year statute of limitations prescribed by 42 Pa.C.S.A. Section 5552(a). After a hearing on appellee's petition, the trial court dismissed the above mentioned charges as time barred. Thus, the only charge which remained viable after the court's order was the rape charge which carried a five year statute of limitations at the time of the alleged offense. The Commonwealth filed the instant appeal and deferred prosecution of the rape charge against appellee pending the result of the instant appeal.

On appeal, the Commonwealth concedes that prosecution for offenses allegedly committed by appellee prior to September 9, 1983 was time barred in that the two year statute of limitations relating to these offenses expired. However, the Commonwealth contends that the trial court erred in concluding that prosecution for the above mentioned offenses which appellee allegedly committed on or after September 9, 1983 was time barred because the two year statute of limitations applicable to the prosecution of said offenses was tolled on September 8, 1985, the effective date of 42 Pa.C.S.A. § 5554(3), which provides in pertinent part:

1. Appellee allegedly began to abuse his daughter from the age of five and continued until she was nine and one-half years old.

Except as provided by section 5553(e) (relating to disposition of proceedings within two years), the period of limitation does not run during any time when:

(3) a child is under 18 years of age, where the crime involves injuries to the person of the child caused by the wrongful act, or neglect, or unlawful violence, or negligence of the child's parents or by a person responsible for the child's welfare, or any individual residing in the same home as the child, or a paramour of the child's parent.

Thus, the Commonwealth argues that, as of its effective date, section 5554(3) acted to toll the statute of limitations relating to any offense committed by appellee for which prosecution was not already time barred.

In dismissing the charges of statutory rape, indecent assault, corruption of minors and endangering the welfare of minors, the trial court relied upon this court's reasoning in *Commonwealth v. Baysore*, 349 Pa.Super. 345, 503 A.2d 33 (1986). The court concluded that section 5554(3) is not retroactive in its application and that therefore prosecution of Appellee's alleged offenses is time barred regardless of whether the statute of limitations relating to his offenses was running as of the effective date of section 5554(3).

In *Baysore, supra,* a panel of this court addressed the issue of whether 42 Pa.C.S.A. § 5552(b) should be applied to the prosecution of a rape charge where the underlying rape allegedly was committed prior to the effective date of § 5552(b) [2] and stated that our legislature can extend the statute of limitations for a particular offense by amendment and apply the new period of limitations to crimes committed prior to the amendment for which the previous limitations period had not yet expired.

Furthermore, this court stated that in order for a new statutory period to apply to crimes committed prior to the effective date of the new period, the legislature must specifically provide that the extension is to be applied retroac-

---

**2.** § 5552(b) extended the statute of limitations for prosecution of rape charges from two years to five years.

tively and held that the clear language of § 5552(b) does not indicate that our legislature intended that the statute apply retroactively. However, *Baysore* was subsequently overruled by this court sitting en banc, at least to the extent that it held that the application of § 5552(b) to crimes which occurred prior to the effective date of the extension was a retroactive application, in *Commonwealth v. Harvey*, 374 Pa.Super. 289, 542 A.2d 1027 (1988). Therefore, *Baysore* is not controlling as to whether § 5554(3) applies to crimes committed before its effective date.

The instant appeal presents the question of whether § 5554(3) applies to toll the running of a limitations period relating to crimes which were committed, and thus where the period began running prior to its effective date.

After reviewing the language of § 5554(3), it is important to note the inclusion of the following words, "the period of limitation does not run during *any time* ..." This language indicates the intent of our legislature that § 5554(3) should act to toll the statute of limitations for any crime committed against the person of a child under the age of eighteen until said child reaches the age of eighteen. There is no exclusion for periods of limitations which had started to run prior to the effective date of the tolling provision. The operative effect of this statute is to suspend the period of limitations relating to offenses falling within its provisions until the victims of the offenses reach the age of eighteen. Further, it would have this effect from the time designated for it to take effect.

Thus, as of the effective date of § 5554(3), September 8, 1985, the statute of limitations relating to appellee's alleged offenses ceased running as the victim of his alleged offenses was below the age of eighteen at this point in time and also at the time prosecution was commenced for these offenses. If the legislature intended that this statute should apply exclusively to limitations periods which begin to run after its effective date, we believe it would have included a provision to that effect in the Act of July 10, 1985, P.L. 193, No. 49, § 1 which enacted 42 Pa.C.S.A.

§ 5554(3).[3]  Given the clear language of § 5554(3) and the absence of such a provision limiting the application of § 5554(3) to causes of action which accrue after the effective date of the statute, it is evident that § 5554(3) applies to the instant case, that the prosecution for statutory rape, indecent assault, corruption of minors and endangering the welfare of minors is not time barred and that therefore, these charges should be reinstated against appellee.  A panel of this court recently concluded in similar fashion when confronted with similar issues.  The panel indicated that the section at issue would "apply so as to extend the period within which the prosecution is to be commenced" where the period had not yet expired.  *Commonwealth v. Thek*, 376 Pa.Super. 390, 546 A.2d 83 (1988).  Consequently, the order appealed from must be reversed.

Reversed and remanded for reinstatement of these charges and trial thereon.

---

**3.**  For example, our legislature included the following provision in the Act of December 20, 1982, P.L. 1409, No. 326 § 403:

Except as provided in section 404, the amendments to 42 Pa.C.S. Ch. 55 (relating to limitations of time), effected by this act, shall apply only to causes of action which accrue after the effective date of this act.