588 A.2d 917

**COMMONWEALTH of Pennsylvania**

v.

**Charles PERRY, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 5, 1990.

Filed Feb. 5, 1991.

Reargument Denied April 30, 1991.

214

Robert J. Leibowitz, Pittsburgh, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and TAMILIA and CERCONE, JJ.

CIRILLO, President Judge:

Charles Perry appeals from a judgment of sentence entered in the Court of Common Pleas of Philadelphia County. We affirm.

Perry was charged with rape,[1] involuntary deviate sexual intercourse ("I.D.S.I."),[2] statutory rape,[3] corruption of minors,[4] indecent assault,[5] simple assault,[6] indecent exposure,[7] endangering the welfare of children,[8] and unlawful restraint.[9] The charges were filed as a result of Perry's sexual molestation of L.R., his stepdaughter from 1980 to 1986 when she was seven to thirteen years old.

1. 18 Pa.C.S. § 3121(1).
2. 18 Pa.C.S. § 3123(1).
3. 18 Pa.C.S. § 3122.
4. 18 Pa.C.S. § 6301.
5. 18 Pa.C.S. § 3126.
6. 18 Pa.C.S. § 2701.
7. 18 Pa.C.S. § 3127.
8. 18 Pa.C.S. § 4304.
9. 18 Pa.C.S. § 2902.

On December 15, 1988, the Commonwealth filed a notice that it intended to toll the statute of limitations applicable to the offenses of statutory rape, corruption of minors, endangering the welfare of children, and indecent assault which occurred on or after September 8, 1985 through 1986. Thereafter, Perry filed both a response to the Commonwealth's notice and a motion in limine requesting that the Commonwealth be precluded from prosecuting all of the charges except for the rape charge. The Honorable Legrome D. Davis denied Perry's motion.

Following a non-jury trial, Perry was convicted of rape, I.D.S.I., statutory rape, corruption of minors, endangering the welfare of children, and indecent assault. Subsequently, the trial court heard post-verdict motions and granted Perry's motion to arrest judgment on the rape conviction. All other motions were denied. The court also sentenced Perry to five to ten years imprisonment for the statutory rape conviction and a concurrent term of imprisonment of seven to fifteen years on the I.D.S.I. conviction. All other sentences were suspended. Perry's motion for reconsideration of sentence was denied. In this timely appeal, Perry is represented by new counsel. The following issues are presented for our review:

1) Did the trial court err in tolling the statute of limitations?

2) Did the trial court err in admitting testimony of isolated occurrences of prior misconduct?

3) Was trial counsel ineffective for failing to offer expert testimony on the issue of the physical attributes of the defendant and the complainant?

In his first issue, Perry argues that the trial court erred by tolling the statute of limitations applicable to all of the charges except rape. Perry contends that the tolling provision of 42 Pa.C.S. § 5554 is inapplicable to this case.

The Judiciary and Judicial Procedure Act, 42 Pa.C.S. § 5552, provides a statute of limitations for criminal proceedings:

(a) General rule.—Except as otherwise provided in this subchapter, a prosecution for an offense must be commenced within two years after it is committed.

(b) Major offenses.—A prosecution for any of the following offenses under Title 18 (relating to crimes and offenses) must be commenced within five years after it is committed:

Section 3121 (relating to rape).

Section 3123 (relating to involuntary deviate sexual intercourse).

*　　*　　*　　*　　*　　*

42 Pa.C.S. § 5552.

The Act also provides for tolling of the statute of limitations in criminal proceedings:

Except as provided by section 5553(e), (relating to disposition of proceedings within two years [for certain summary offenses]), the period of limitation does not run during any time when:

*　　*　　*　　*　　*　　*

(3) A child is under 18 years of age, *where the crime involves injuries to the person of the child* caused by the wrongful act, or neglect, or unlawful violence, or negligence of the child's parents or by a person responsible for the child's welfare, or any individual residing in the same home as the child, or a paramour of the child's parent.

42 Pa.C.S. § 5554(3) (emphasis added).

Perry reminds this court that the tolling provision of section 5554(3) applies only in criminal cases involving "injuries to the person of the child." 42 Pa.C.S. § 5554(3). Perry contends that because this operative language is not defined in Title 42, we should apply the definition of "personal injury" contained in the restitution provision of our Crimes Code.[10] Perry states that in *Commonwealth v.*

---

**10.** The definitional subsection reads in pertinent part:

"Personal injury." Actual bodily harm, including pregnancy directly resulting from the crime.

*Balisteri,* 329 Pa.Super. 148, 478 A.2d 5 (1984), this court interpreted the personal injury provision of section 1106 to include emotional or mental disturbances for purposes of imposing restitution. *Id.,* 329 Pa.Superior Ct. at 155–56, 478 A.2d at 9. Perry also correctly states that we limited the definition of "personal injury" in section 1106(h) to "situation[s] where an actor's conduct precipitates a mental or emotional disturbance requiring *actual* treatment." 329 Pa.Super. at 156 n. 8, 478 A.2d at 9 n. 8 (emphasis in original).

■ Here, Perry states that there was absolutely no showing during the pre-trial determination of his motion in limine that his step-daughter suffered bodily injury, emotional disturbance or received actual treatment as a consequence of his alleged sexual assaults. Therefore, Perry contends that our holding in *Balisteri* required the trial court to refrain from tolling the statute of limitations applicable to all of the charges except rape.[11] We find Perry's argument unpersuasive.

The case law simply does not support Perry's contention that a sexual assault victim must make a pre-trial showing that he/she suffered physical or emotional injury requiring treatment as a prerequisite to application of the tolling provision of section 5554(3). *Commonwealth v. Bell,* 378 Pa.Super. 573, 549 A.2d 205 (1988), *alloc. denied,* 523 Pa. 640, 565 A.2d 1165 (1989); *Commonwealth v. Thek,* 376 Pa.Super. 390, 546 A.2d 83 (1988). For example, in *Bell, supra,* this court applied the tolling provision of section 5554(3) to a situation nearly identical to the one presently before us. In that case, Bell was charged with rape, statutory rape, indecent assault, corruption of minors and endangering the welfare of children in connection with his alleged sexual molestation of his minor daughter over a

18 Pa.C.S. § 1106(h).

**11.** I.D.S.I. has the same five year statute of limitations that is applicable to the crime of rape. 42 Pa.C.S. § 5552(b). Therefore, the prosecution of Perry for his touching of the child's vagina with his mouth in 1985 (involuntary deviate sexual intercourse) was not barred by the statute of limitations on April 9, 1988, the day when the criminal complaint was filed, even if no tolling occurred.

four and one-half year period. At his preliminary hearing, the Commonwealth introduced testimony of the victim to establish that Bell had committed the acts underlying the charges beginning in 1980 and continuing until August, 1984. In response, Bell filed a petition for Writ of Habeas Corpus and Modification of Bail wherein he alleged that he could not be prosecuted for the offenses charged since the Commonwealth failed to file a complaint within the two year statute of limitations contained in 42 Pa.C.S. § 5552(a). After a hearing, the trial court dismissed the charges as time-barred.

On appeal, the Commonwealth argued that section 5554(3) should be applied retroactively to toll the two year statute of limitations period relating to the crimes which Bell allegedly committed before its effective date. We agreed and held that the trial court had erroneously dismissed the offenses which Bell allegedly committed on or after September 8, 1983 as time barred because the two year statute of limitations applicable to the prosecution of the offenses was tolled on September 8, 1985, the effective date of section 5554(3). *Bell*, 378 Pa.Super. at 576–77, 549 A.2d at 207. In *Bell*, section 5554(3) was applicable because the victim testified that her father had sexually assaulted her on numerous occasions over a four and one-half year period. This court did not impose upon the Commonwealth, as Perry advocates today, a required showing of physical injury or actual treatment of the victim, in order to invoke section 5554(3).

Perry's attempt to analogize the definition of "personal injury" in the restitution statute, 18 Pa.C.S. § 1106, which we addressed in *Balisteri, supra,* with that contained in section 5554(3) must also fail. If the legislature intended to assign the same meaning to "injuries to the person of the child," 42 Pa.C.S. § 5554(3), as it has for "personal injury," 18 Pa.C.S. § 1106, we believe it would have provided a provision to that effect in Title 42. Moreover, unlike *Balisteri*, section 5554(3) has never been interpreted to require pre-trial proof of physical injury by means of extrinsic

evidence of treatment or expert testimony. *Bell, supra; Thek, supra.* Even if we were to apply the rationale stated in *Balisteri* to section 5554(3), we think Judge Davis could have reasonably inferred that the victim suffered psychological or physical harm of some kind as a result of Perry's repeated sexual assaults.[12] Consequently, we conclude that Judge Davis correctly denied Perry's motion requesting that the Commonwealth be precluded from tolling the statute of limitations for the charges of statutory rape, corruption of minors, endangering the welfare of children and indecent assault.[13]

12. During the pre-trial hearing the victim testified that Perry touched her clothes and licked her vagina on numerous occasions between 1980 and 1986. She also testified as follows:

\*    \*    \*    \*    \*    \*

Q: Where was he touching you?
A: (No response).
Q: What part of your body?
A: My vagina.
Q: Okay. What happened then?
A: Then he went under my clothes.
Q: Okay. And this is still with his hand?
A: Yes.
Q: Where was he touching you underneath your clothes, [L.R.] ...?
A: My vagina.
Q: Okay. And then what happened?
A: Then somehow he was on top of me and his clothes were off. Then he put his penis in my vagina.

\*    \*    \*    \*    \*    \*

Q: You say "his penis." Did it go inside your vagina, [L.R.] ...?
A: Yes.
Q: Did that hurt?
A: Yes.

13. The informations were filed against Perry on April 9, 1988. Since the Commonwealth did not file a pre-trial notice that it intended to toll the two year statute of limitations applicable to the offenses of simple assault, indecent exposure, and unlawful restraint which Perry allegedly committed before April 9, 1986, we conclude that the trial court erred when it allowed the Commonwealth to prosecute these charges. *See Commonwealth v. Bethlehem*, 391 Pa.Super. 162, 570 A.2d 563 (1989), *alloc. denied*, 525 Pa. 610, 577 A.2d 542 (1990); *Commonwealth v. Cruz*, 355 Pa.Super. 176, 512 A.2d 1270 (1986), *alloc. denied*, 514 Pa. 623, 522 A.2d 49 (1987). However, since Perry was not convicted of any of these crimes, this error does not affect the validity of the sentence imposed upon him.

■ Perry also argues that the trial court erred by admitting the testimony of the victim as it related to her allegations of Perry's sexual misconduct. Perry contends that the victim's testimony alleged only prior isolated incidents of misconduct which are inadmissible because they do not constitute a series of acts indicating a continuousness of sexual intercourse.[14]  Perry, however, failed to make a timely objection to the victim's references to his prior sexual assaults, nor did he make any motion to have her testimony stricken from the record.  Consequently, we need not address the merits of Perry's claim.  *Commonwealth v. Clair*, 458 Pa. 418, 423, 326 A.2d 272, 274 (1974) ("[A] party may not remain silent and take chances on a verdict and afterwards complain of matters which, if erroneous, the Court would have corrected."); *Commonwealth v. Hassine*, 340 Pa.Super. 318, 490 A.2d 438 (1985), *overruled on other grounds, Commonwealth v. Schaeffer*, 370 Pa.Super. 179, 536 A.2d 354 (1987) (en banc).

■ Next, Perry argues that trial counsel was ineffective for failing to offer expert testimony on his physical attributes and those of the victim.  Perry claims that trial counsel was prepared to elicit testimony from a number of lay witnesses concerning his physical attributes and those of the victim in an effort to show that the alleged sexual intercourse of February, 1986 could not have occurred

In his opinion, Judge Davis noted that although section 5554(3) does not define the phrase "injuries to the person," the Crimes Code is divided into several categories.  Judge Davis reasoned that because the legislature placed statutory rape and I.D.S.I. under the category "Offenses Involving Danger to the Person," it thereby intended that these offenses involve injury to the person.  Simple assault, indecent assault, indecent exposure, and unlawful restraint also fall within this category, while endangering the welfare of children falls under the heading of "Offenses against the Family."  Corruption of minors, the remaining offense with which Perry was charged, is a "Miscellaneous Offense."  While the legislature's general categorization of these offenses is not dispositive of Perry's first issue, it is helpful to the extent that a victim of an "Offense[ ] Involving Danger to the Person" is likely to suffer harm or injury of *some* variety.

14.  Perry relies upon *Commonwealth v. Dunkle*, 385 Pa.Super. 317, 561 A.2d 5 (1989), *alloc. granted*, 524 Pa. 625, 574 A.2d 67 (1990), to support this claim.

without physical injury to the victim. The trial court sustained the Commonwealth's objection to this line of questioning because Perry did not have a physician to provide expert testimony.

Perry contends that there was no reasonable basis for trial counsel's failure to petition for a medical examination of the victim and to secure a review of the examination results by a physician. In his written post-verdict motions, Perry claimed that the alleged sexual intercourse of February, 1986 could not have taken place without physical injury to the victim because of the "relative physical sizes of the sexual organs of the defendant and the complainant ..." According to Perry, since the victim testified that she did not suffer any physical injuries from his alleged assaults, expert medical testimony would have been a significant factor to be weighed by the trial court. Perry concludes that such testimony would have convinced the trial court that the victim's testimony was not credible. Accordingly, Perry requests that we remand this case to the trial court for an evidentiary hearing so that he may request a medical examination of the victim and offer expert medical testimony.

When confronted with a claim of ineffectiveness of counsel, a reviewing court must first ascertain whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; counsel cannot be considered ineffective for failing to assert a meritless claim. *Commonwealth v. Durst,* 522 Pa. 2, 559 A.2d 504 (1989); *Commonwealth v. Pursell,* 508 Pa. 212, 495 A.2d 183 (1985). If this threshold is met, it must be determined whether the course chosen by counsel had some reasonable basis designed to serve the interest of the client. *Commonwealth v. McBee,* 513 Pa. 255, 520 A.2d 10 (1986); *Commonwealth v. Buehl,* 510 Pa. 363, 508 A.2d 1167 (1986), *cert. denied, Buehl v. Pennsylvania,* 488 U.S. 871, 109 S.Ct. 187, 102 L.Ed.2d 156 (1988). In addition, a defendant claiming ineffectiveness of counsel must demonstrate that he was prejudiced by the ineffective-

ness. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987). Moreover, since the law presumes that counsel was effective, the burden of establishing ineffectiveness rests squarely upon the appellant. *Commonwealth v. Ellis,* 354 Pa.Super. 11, 510 A.2d 1253 (1986).

In his opinion addressing Perry's post-verdict motions, Judge Davis noted that under the Crimes Code, " 'sexual intercourse' as an element of statutory rape '[i]n addition to its ordinary meaning, includes intercourse ... with some penetration, *however slight.*' " 18 Pa.C.S. § 3101 (emphasis added). Judge Davis reasoned that because the victim credibly testified that Perry put his penis in her vagina and that "it hurt," this was sufficient evidence of penetration under section 3101. *Cf. Commonwealth v. Bowes,* 166 Pa.Super. 625, 74 A.2d 795 (1950) (testimony of victim supported sodomy conviction notwithstanding lack of direct evidence of penetration). Consequently, Judge Davis concluded that Perry's proffered testimony relating to the relative physical size of their sexual organs would have been irrelevant. We agree. Moreover, it necessarily follows that testimony of an expert witness relating to the relative size of the victim's and Perry's sexual organs would have also been irrelevant to the trial court's evaluation of the victim's testimony. Thus, Perry has made no showing that this strategy is of arguable merit. *Durst,* 522 Pa. at 4-5, 559 A.2d at 505-06; *Ellis, supra.* Therefore, trial counsel cannot be deemed ineffective for his failure to either petition the trial court for a medical examination of the victim or offer expert testimony to support Perry's claim that the alleged sexual intercourse of February, 1986 could not have occurred without physical injury to the victim. *Durst, Pursell, supra.*

Since we have concluded that there is no merit to Perry's claim of ineffective assistance of counsel, we find that Perry is not entitled to an evidentiary hearing.

Judgment of sentence affirmed.