**COUNTY AMUSEMENT COMPANY,**
Appellant,

v.

**COUNTY OF CAMBRIA BOARD OF ASSESSMENT APPEALS, The County of Cambria, The Township of Richland, and The Richland School District.**

Commonwealth Court of Pennsylvania.

Argued March 11, 1997.

Decided April 7, 1997.

William P. Bresnahan, Pittsburgh, for appellant.

Richard T. Williams, Sr., Johnstown, for appellee, County of Cambria.

Before FLAHERTY and LEADBETTER, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

This is an appeal by County Amusement Company (CAC) from a September 27, 1996 order of the Court of Common Pleas of Cambria County (trial court) which granted the joint motion in limine of Intervenors, Richland Township (Township) and Richland School District (School District). The trial court, pursuant to 42 Pa.C.S. § 702(b), certified the order granting the motion in limine [1]

1. The full text of the trial court's September 27, 1996 order is as follows:

AND NOW, to wit, this 27th day of September, 1996, upon consideration of the Motion in Limine of Richland School District and Richland Township, IT IS HEREBY ORDERED AND DIRECTED that said motion is granted, and the Appellant is precluded from offering any evidence other than the value of the improvements made under the 1992 interim school assessment, that apply to subsequent years. Also, the Appellant is precluded from offering evidence of comparable assessments and pages 35 and 36 of Appellant's expert's report are eliminated.

It is further ORDERED that, pursuant to 42 Pa.C.S. § 702(b), this ORDER involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this ORDER may materially advance the ultimate termination of the matter.

for immediate appeal, and we granted permission to appeal the certified order on November 20, 1996.

The facts are not in dispute. CAC is the owner of land with a shopping mall constructed thereon, known as Richland Mall, which is within the Township and the School District. The 1992 annual assessment of the property was as follows: Land $294,940.00, Improvement $3,453,470; total $3,730,410. In response to an interim assessment conducted at the request of the School District, pursuant to Section 677.1 of the Public School Code of 1949 (School Code),[2] the Cambria County Assessment Office, on July 15, 1992, issued a Change of Assessment Notice as follows: Land $294,950.00, Improvement $3,572,030.00; total $3,866,980.00.[3] CAC timely appealed the increase assessment and following a hearing[4] before the Cambria County Board of Assessment Appeals (Board), the Board, by decision[5] dated February 3, 1993, effected no change in the increased assessment amount.

CAC appealed the Board's decision to the trial court on February 25, 1993.[6]

On August 7, 1996, the trial court scheduled a conference on the appeal of CAC for September 30 through October 1, 1996. On September 9, 1996, School District and Township filed the joint motion in limine[7]

2. Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 6–677.1, added by the Act of January 14, 1952, P.L. (1951), *as amended*, 24 P.S. § 1, which provides:

> Whenever in second, third and fourth class school districts there is any construction of a building or buildings not otherwise exempt as a dwelling and such building is not included in the tax duplicate of the school district, the authority responsible for assessments in the city, borough, township or county shall, upon the request of the board of school directors, direct the assessor in the district to inspect and assess, subject to the right of appeal and adjustment provided by the act of Assembly under which assessments are made, all taxable property in the district to which major improvements have been made and give notice of such change in the assessed valuation within ten days to the authority responsible for assessments, the school district and the property owner. Such property shall then be added to the duplicate and shall be taxable for school purposes at the assessed valuation for that proportionate part of the fiscal year of the school district remaining after the property was improved. Any improvement made during the month shall be computed as having been made on the first of the next succeeding month. A certified copy of the additions or revisions to the duplicate shall be furnished monthly by the board of school directors to the tax collector for the district, and within ten days thereafter the tax collector shall notify the owner of the property of the taxes due the school district.

3. The change resulted in an increase of the land value by $10.00 and the improvement value by $136,560.00, or a total increase of $136,570.00.

4. A transcript of the hearing is not part of the record before us.

5. A copy of the decision of the Board is not part of the record before us.

6. In its appeal to the trial court, only the Board was named as party appellee. By order dated May 26, 1994, Township and School District were permitted to intervene. The record fails to reveal why Township and School District waited one (1) year and three (3) months to seek intervention in this proceeding. Further, the docket entries show that between September 12, 1994 and November 13, 1995, five (5) hearings were scheduled on CAC's appeal, all of which were continued. On December 22, 1995, there was a Declaratory Judgment action filed in the within proceeding. On January 10, 1996, Richland Mall sought to intervene in the initial appeal by CAC, which the trial court, by order dated March 12, 1996, denied. By order of the trial court dated March 21, 1996, the Declaratory Judgment action was terminated.

7. We wish to point out that the use of a motion in limine where, as here, the matter is to by tried by the court without a jury, is, at best, tenuous given that a motion in limine is a pre-trial application before a trial court made outside the presence of *a jury*, requesting a ruling or order from the trial court prohibiting the "opposing counsel from referring to or offering into evidence matters so highly prejudicial to the moving party that curative instructions cannot alleviate an adverse effect *on the jury*." *Commonwealth v. Noll*, 443 Pa. Superior Ct. 602, 662 A.2d 1123 (1995) *citing* Black's Law Dictionary 914 (5th ed. 1979). (Emphasis added).

Nevertheless, we recognize that motions in limine have been utilized by the bar in Pennsylvania in non-jury settings. *See Commonwealth v. King*, —— Pa. Superior Ct. ——, 689 A.2d 918 (1997); *Commonwealth v. Griscom*, 411 Pa. Superior Ct. 49, 600 A.2d 996 (1991); *Commonwealth v. Perry*, 403 Pa. Superior Ct. 212, 588 A.2d 917, *petition for allowance of appeal denied*, 529 Pa. 619, 600 A.2d 535 (1991).

In granting the motion in limine here, the trial court made a legal determination rather than a factual determination and certified the issue as

which resulted in the interlocutory order herein appealed by CAC.[8]

The trial court, in granting the motion in limine, limited CAC to presenting evidence of the value of its property at the time the 1992 interim assessment was conducted. CAC was precluded by the trial court from presenting evidence of the value of its property for any years subsequent to the 1992 interim assessment period during which its appeal was pending. The trial court did so based upon its conclusion that Section 704(f) of The Fourth to Eighth Class County Assessment Law (Law),[9] which grants a taxpayer an automatic appeal "on the subject property for any valuation for any assessment subsequent to the filing of such appeal," was inapplicable because this was an "interim" assessment.

Additionally, in granting the motion in limine, the trial court precluded CAC from presenting proffered testimony of an expert regarding comparable assessments because, the trial court concluded, CAC's expert was not prepared to present evidence of the actual fair market value of comparable properties.

On appeal, CAC argues that the trial court erred in concluding that Section 704(f) of the Law does not apply to the interim assessment for purposes of perfecting an automatic appeal of subsequent assessments as set forth therein, and that, therefore, it was error for the court to preclude evidence regarding the value of the property for subsequent years during the pendency of its appeal from the interim assessment. Further, CAC argues that the trial court erred in precluding it from presenting evidence of comparable assessments. We will address each of these issues below.

■ The trial court holds, in its opinion, that the automatic appeal provision of Section 704(f) of the Law is inapplicable where, as here, the taxpayer is appealing an interim

assessment, given that the interim assessment is only for the benefit of the school district and not for general taxing purposes. The trial court, relying on our Supreme Court's holding in *Central Transportation, Inc. v. Board of Assessment Appeals of Cambria County*, 490 Pa. 486, 417 A.2d 144 (1980), points out that in *Central* the court noted that, pursuant to Section 677.1 of the Code, the interim assessment amount could only be used for school purposes and not for general tax purposes. While we do not dispute that an interim assessment amount can only be used for school purposes "at the *assessed valuation for that proportionate part of the fiscal year of the school district remaining after the property was improved,*" it is without question that Section 677.1 also provides that when appealing from an interim assessment, the appeal is "subject to *the right of appeal and adjustment provided by the act of Assembly under which assessments are made,*" i.e., Section 704 of the Law.

As noted above, Section 677.1 of the Code, provides:

Whenever in second, third and fourth class school districts there is any construction of a building or buildings not otherwise exempt as a dwelling and such building is not included in the tax duplicate of the school district, the authority responsible for assessments in the city, borough, township or county shall, upon the request of the board of school directors, direct the assessor in the district to inspect and assess, *subject to the right of appeal and adjustment provided by the act of Assembly under which assessments are made,* all taxable property in the district to which major improvements have been made and give notice of such change in the assessed valuation within ten days to the authority responsible for assessments, the school dis-

involving a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this ORDER may materially advance the ultimate termination of the matter." Because the trial court may appropriately certify for interlocutory appeal an order which addresses and resolves an important issue of law, we conclude that the matter is properly before us.

8. There is no transcript in the record of any of the proceedings before the trial court resulting in the order appealed herein.

9. Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. § 5453.704(f).

trict and the property owner. Such property shall then be added to the duplicate, and shall be taxable for school purposes at the assessed valuation for that proportionate part of the fiscal year of the school district remaining after the property was improved. Any improvement made during the month shall be computed as having been made on the first of the next succeeding month. A certified copy of the additions or revisions to the duplicate shall be furnished monthly by the board of school directors to the tax collector for the district, and within ten days thereafter the tax collector shall notify the owner of the property of the taxes due the school district.

Section 704(f), in its entirety, provides:

(f) If a taxpayer has filed an appeal from *an assessment,* so long as the appeal is pending before the board or before a court on appeal from the determination of the board, as provided by statute, the appeal will also be taken as an appeal by the taxpayer on the subject property *for any valuation for any assessment subsequent to the filing of such appeal with the board and prior to the determination of the appeal by the board or the court.* The board shall hold its hearings and make its final determination of the subsequent years in question and make final determination of the subsequent years in question in the same manner as for the year or years for which the original appeal was filed. This provision shall be applicable to all pending appeals as well as future appeals.

The language of Section 677.1 clearly gives school boards the ability to request, for their sole benefit, an assessment of property to which major improvements have been made so that the school district can tax, for its benefit, the increased value of any such improvements for the proportionate part of the fiscal year of the school district remaining after the property was improved. The legislature, in giving school boards this benefit

under Section 677.1 of the Code, did not, however, do anything to alter the general assessment law which the Code clearly refers to. As herein noted, Section 677.1 provides, when a school board requests an assessment under Section 677.1, an appeal therefrom is "subject to the right of appeal and adjustment provided by the act of Assembly under which assessments are made," i.e., Section 704 of the Law.

Section 704(f) of the Law, as set forth above, clearly triggers an automatic appeal for purposes of subsequent years when an appeal thereunder is filed and pending. Again, Section 677.1 specifically provides that appeals from interim assessments requested by a school board are subject to the general assessment law and there is nothing in Section 677.1 which alters a taxpayers appeal rights under the general assessment law. The trial court, in holding otherwise, ignores the clear language of Section 677.1 and finds that although this Section refers to the general assessment statute for purpose of appeal, the trial court concludes that this reference to the general assessment statute merely provides the taxpayer with an avenue of appeal, without the right to an automatic appeal for purposes of subsequent years as set forth therein. This was clear error on the part of the trial court.[10]

Based on the foregoing, we reverse that portion of the trial court's order granting the motion in limine limiting the taxpayer to presenting evidence of the value of its property for the 1992 interim assessment period and precluding evidence of the property's value during subsequent years and remand the matter for further proceedings in accordance herewith.

■ Regarding the trial court's grant of the motion in limine precluding CAC from presenting evidence of comparable assessments, we affirm. In doing so, we adopt the reasoning of the trial court regarding this issue, wherein the court stated:

10. The trial court, in its opinion, goes into a lengthy dissertation as to why an interim assessment is not the same as a general assessment and how, therefore, Section 704(f) does not apply to appeals therefrom. Again, while we do not dispute that an interim assessment is for the benefit

of the school district only, the trial court's conclusion that this somehow makes Section 704(f) inapplicable to appeals therefrom, is contrary to the clear, unambiguous language of Section 677.1.

[G]enerally, Pennsylvania law allows the use of comparable assessments as a means to arrive at the actual value of a particular piece of land. *Valley Forge Golf Club v. Board of Assessment and Revision of Taxes of Montgomery County*, 3 Pa. Cmnwlth. 644, 285 A.2d 213 (1971). However, evidence of comparable assessments alone is not enough, the court must also be shown the actual fair market value of the comparable properties. *Banzhoff v. Dauphin County Board of Assessment Appeals*, 146 Pa.Cmnwlth. 687, 606 A.2d 974 (1992). Without the actual fair market values of the comparable properties the court trial (sic) has no basis for determining whether the alleged comparable properties are valued lower than their actual fair market value or whether a different ratio was applied to the properties. *Fosko v. Board of Assessment Appeals*, 166 Pa.Cmnwlth. 393, 646 A.2d 1275 (1994).

Consequently, this Court decided that pages 35 and 36 of CAC's expert report were more prejudicial than relevant to the matter at hand, because they contained only data of comparable assessments and not of actual market values. Evidence of comparable assessments without evidence of actual market value of comparable properties is useless to a trial court. *Banzhoff, supra.*

### ORDER

AND NOW, this 7th day of April, 1997, it is hereby ordered as follows:

1) the order of the Court of Common Pleas of Cambria County dated September 27, 1996, insofar as it grants the Motion in Limine of Richland School District and Richland Township and limits the taxpayer, County Amusement Company, to presenting evidence of the value of its property for the 1992 interim assessment period and precludes the introduction of evidence of the property's value during subsequent years, is reversed; the matter is remanded for further proceedings consistent with this opinion;

2) the order of the Court of Common Pleas of Cambria County dated September 27, 1996, insofar as it grants the Motion in Limine of Richland School District and Rich-

land Township, and precludes the taxpayer, County Amusement Company, from presenting evidence of comparable assessments is affirmed.

Jurisdiction is relinquished.