**BOARD OF ASSESSMENT AND REVISION OF TAXES OF FOREST COUNTY, Appellant,**

v.

**PENNSYLVANIA GENERAL ENERGY CORP.**

Commonwealth Court of Pennsylvania.

Argued June 16, 1999.

Decided Sept. 8, 1999.

Joseph E. Altomare, Titusville, for appellant.

Jon P. Marti, Warren, for appellee.

Before COLINS, President Judge, and DOYLE, J., McGINLEY, J., PELLEGRINI, J., KELLEY, J., FLAHERTY, J. and LEADBETTER, J.

KELLEY, Judge.

This is an appeal by the Board of Assessment and Revision of Taxes of Forest County (Board) from an order entered December 9, 1998 by the Court of Common Pleas of the Thirty–Seventh Judicial District, Forest County Branch (trial court). In its December 9 [th] order, the trial court denied the Board's motion for reconsideration and affirmed the trial court's earlier order entered September 16, 1998 denying the Board's motions in limine. The trial court certified its order for immediate appeal and we granted permission to appeal the order entered September 16, 1998, as amended December 9, 1998, on February 1, 1999.[1]

1. The full text of the trial court's order entered September 16, 1998 is as follows:

    AND NOW, this 11 [th] day of September, 1998, the County's Motions in Limine are denied.

    The full text of the trial court's order entered December 9, 1998 is as follows:

    AND NOW, this 7 [th] day of December, 1998, after argument on the Motion of Forest County for Reconsideration, the Order entered September 16, 1998 is hereby affirmed for the reasons set forth in the Opinion accompanying the original Order.

The facts, as developed from the record, are as follows.[2] Pennsylvania General Energy Corp. (PGE) is the owner of certain oil, gas, and mineral interests located in Harmony, Hickory, Howe, and Kingsley Townships in Forest County. PGE's interests were created by various leases wherein PGE, as lessee, owns a $\frac{7}{8}$ [th] working interest and the lessor owns a $\frac{1}{8}$ [th] royalty interest. When assessing such interests, Forest County assesses both the $\frac{7}{8}$ [th] working interest and the $\frac{1}{8}$ [th] royalty interest to the lessee.

By letter of March 28, 1995, the Forest County Chief Assessor notified PGE of a reassessment of PGE's oil and gas leases for the tax year 1995. The letter notified PGE that it had a right to appeal this assessment within thirty days of the date of notice. By letter of April 27, 1995, PGE appealed the assessments on the basis that they were excessive and non-uniform. A hearing was held by the Board on March 12, 1996, after which a stipulation was entered into by Forest County and PGE. Therein, the parties agreed to appoint an expert to complete an evaluation analysis of PGE's oil and gas properties and interests in Forest County to facilitate a resolution of the appeal.

By letters dated February 25, 1997 and March 10, 1997, the Board rendered its decision not to adjust any of the assessments. As a result, PGE filed a petition of appeal with the trial court on March 24, 1997. The Board filed a timely answer thereto on April 2, 1997.

**CERTIFICATION UNDER APPELLATE RULE OF PROCEDURE 1311**
For purposes of Rule of Appellate Procedure 1311, this Court hereby certifies that the within Order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the matter.

2. There is no transcript in the record of any of the proceedings before the trial court resulting in the order appealed herein.

On June 24, 1998, the Board filed a motion in limine seeking to limit "the issues and evidence at trial to the sole question of the fair market value of the entire oil and gas [interests] as of January 1, 1997, without regard to the existence of royalty or any other fractional interests therein." The trial court addressed the Board's motion in two parts. First, the trial court denied the Board's motion to limit the appeal period to 1997 and years following and determined that the appeal shall pertain to tax years 1995 and following.[3]

■ Second, the trial court determined that PGE, as the holder of the $\frac{7}{8}$ th working interests under the leases, could not be assessed with the entire $\frac{8}{8}$ th oil and gas interests. The trial court held that the instruments of conveyance to PGE are the oil and gas leases which define the interest that is assessable to PGE, which is the only interest which PGE in fact owns. Because there is a divided ownership of the oil and gas, the trial court held that there ought to be a divided taxation. Ac-

cordingly, the trial court denied the Board's motion to limit consideration by the trial court to the full value of the oil, gas and mineral interests. It is this portion of the trial court's decision that is the subject of the Board's appeal to this Court.[4]

■ The Board raises the following issue for our review: Whether section 407(c) of the General County Assessment Law, Act of May 22, 1933, P.L. 853, as amended, 72 P.S. § 5020–407(c), requires taxing authorities to assess each owner of a fractional interest in an oil and gas estate in accordance with that owner's fractional interest. Section 407(c) of the General County Assessment Law (Assessment Law) provides, in pertinent part, as follows:

**(c) Land to be assessed in name of owner at time of assessment.**—It shall be the duty of such assessor or assessors in such counties, ... to ascertain the owner or owners of each tract, piece, parcel or lot of ground assessed, at the

---

**3.** We note that the Board is not challenging this portion of the trial court's decision in this appeal.

**4.** In *County Amusement Company v. County of Cambria Board of Assessment Appeals,* 692 A.2d 300, 301 n. 7 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 549 Pa. 719, 701 A.2d 579 (1997), this Court noted, with respect to an appeal from an interlocutory order granting a joint motion in limine, as follows:

We wish to point out that the use of a motion in limine where, as here, the matter is to be tried by the court without a jury, is, at best, tenuous given that a motion in limine is a pre-trial application before a trial court made outside the presence of *a jury,* requesting a ruling or order from the trial court prohibiting the "opposing counsel from referring to or offering into evidence matters so highly prejudicial to the moving party that curative instructions cannot alleviate an adverse effect *on the jury."* *Commonwealth v. Noll,* 443 Pa. Superior Ct. 602, 662 A.2d 1123 (1995) (citing *Black's Law Dictionary 914 (5* th *ed.1979). (Emphasis added)).*

Nevertheless, we recognize that motions in limine have been utilized by the bar in

Pennsylvania in non-jury settings. *See Commonwealth v. King, 456 Pa.Superior Ct. 72, 689 A.2d 918 (1997); Commonwealth v. Griscom, 411 Pa. Superior Ct. 49, 600 A.2d 996 (1991); Commonwealth v. Perry, 403 Pa. Superior Ct. 212, 588 A.2d 917, petition for allowance of appeal denied, 529 Pa. 619, 600 A.2d 535 (1991).*

In granting the motion in limine here, the trial court made a legal determination rather than a factual determination and certified the issue as involving a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this ORDER may materially advance the ultimate termination of the matter." Because the trial court may appropriately certify for interlocutory appeal an order which addresses and resolves an important issue of law, we conclude that the matter is properly before us.

For the same reasons, we conclude in the present case that the matter is properly before this Court. As such, when examining questions of law, this Court's review is plenary. *American Casualty Co. v. PHICO Insurance Co.,* 549 Pa. 682, 702 A.2d 1050 (1997).

time of such assessment, and to assess the same in the name of the then owner or owners, as thus appears in such statements, . . . .

Herein, the Board points out that the language of Section 407(c) has remained unchanged since its enactment in 1933. Thus, the Board contends that the present matter is controlled by our Supreme Court's decision in *Appeal of Baird,* 334 Pa. 410, 6 A.2d 306 (1939), wherein the Supreme Court concluded that fractional owners of oil and gas estates were not entitled to separate assessments under Section 407(c) of the Assessment Law.

In *Appeal of Baird,* W.A. Baird, the father of W.L. Baird, and James M. Foster (owners) had been the owners in fee simple of 123 acres of land in Clinton Township, Venango County. The owners leased for oil and gas purposes 115 acres of the property and each lease reserved to the owners, as grantors, a $\frac{1}{8}$ th royalty interest. The entire oil and gas interest was later assessed "Baird, W.A. Mineral right—115 acres. Valuation—$3,520.00." W.L. Baird requested that the assessment made by the local board of tax revision be reduced to $\frac{1}{8}$ th of $3,250 as made by the board, the said proportion being the proportion of oil reserved as a royalty in the oil and gas leases.

On appeal, W.L. Baird conceded that the $3,250 represented a correct valuation of the oil and gas interest. However, he argued that the interest assessed should be reduced by assessing him under a separate assessment with the 1/8 th of the oil and gas and that valuation of the interest as assessed to him should be reduced to 1/8 th of the valuation of the entire property leaving the remaining interest in the oil and gas to be assessed by other assessments to other owners. In rejecting this argument, the Supreme Court stated as follows:

Since the title to the oil and gas was severed from the remainder of the 123 acres of land by appellant's predecessors in title such interest is subject to a separate assessment and valuation as land. 'Oil, gas and coal are minerals, and, when the title to the same is severed from the ownership of the surface and is vested in a separate owner, an estate in land is thus created, which if it be of any value, may be taxed. . . . . It is just as well settled that each separate estate is subject to valuation and assessment as land.' (Citations omitted). We are here concerned with the assessment of the oil and gas as a separate estate, but the appellant demands a further division of the assessment based not on a severed estate, but on a separate ownership in a distinct estate.

No sound reason has been suggested nor have we been able to find any statutory or other authority for such a multiplication of assessments as is here demanded by the appellant. Expressed in concrete and simple form the position of the appellant amounts to the assertion that if two or more persons are the owners of a fee simple, each may insist that his undivided interest be separately assessed. It has not been uncommon for an undivided interest in an oil lease to amount to less than 1/300 th of the whole. While the relation of W.L. Baird to the owners of the working interests has some peculiar features, the respective interests of the lessor and lessees comprise, on appellant's own theory, the whole assessable interest.

In the assessment of real estate for tax purposes the statute requires the enumeration of the individual parcels primarily liable for local taxes Section 407 of the Tax Assessment Law, 72 P.S. § 5020–407(c), makes it the duty of the assessor to assess the taxable real estate in the name of the 'then owner or owners.' It does not require the separate assessment of each individual interest in such parcel for it would place an unreasonable burden on the taxing authorities to require assessments so to be made. The lessee, under some forms of oil leases, who has the exclusive possession of

the land for the purpose of producing oil, has more than a mere license in the land, and may recover from the lessor taxes on the land paid by him under compulsion under the Act of April 3, 1804, P.L. 517, 4 Sm.L. 201, § 6, 72 P.S. § 5791. (Citations omitted). In any event, the statute does not contemplate any such division.

*Appeal of Baird,* 334 Pa. 410, 6 A.2d 306, 308–09.[5]

Herein, the Board is correct in its assertion that the language of Section 407(c) of the Assessment Law has not changed since its enactment in 1933. Moreover, our Supreme Court has not overruled *Appeal of Baird* nor has any appellate court rendered any decision which would call its holding in that case into question.[6] As such, we agree with the Board that the Supreme Court's reasoning in *Appeal of Baird* is applicable to the instant situation. Therefore, the Board is not required to assess each individual or fractional interest in a taxable estate and is only required, pursuant to Section 407(c) of the Assessment Law, to assess each taxable estate in the name of the then owner or owners.

Accordingly, we hold that the trial court erred in denying the Board's motion in limine to limit consideration by the trial court to the full value of the oil, gas, and mineral interests owned by PGE. Thus, the trial court's order is reversed in part and affirmed in part. This matter is remanded for proceedings consistent with this opinion.

## ORDER

AND NOW, this 8th day of September, 1999, it is hereby ordered as follows:

(1) the order of the Court of Common Pleas of the Thirty–Seventh Judicial District, Forest County Branch entered September 16, 1998, as amended by order entered December 9, 1998, insofar as it denies the Motion in Limine of the Board of Assessment and Revision of Taxes of Forest County and limits consideration by the Court to the full value of the oil, gas, and mineral interests owned by Pennsylvania General Energy Corp, is reversed; the matter is remanded for further proceedings consistent with this opinion;

(2) the order of the Court of Common Pleas of the Thirty–Seventh Judicial District, Forest County Branch entered September 16, 1998, as amended by order entered December 9, 1998, insofar as it denies the Motion in Limine of the Board of Assessment and Revision of Taxes of Forest County to limit the appeal period to 1997 and years following, thereby permitting the appeal to pertain to tax years 1995 and following, is affirmed.

Jurisdiction relinquished.

---

**5.** The Supreme Court affirmed the decision of the Superior Court on the opinion of Judge Parker reported at 132 Pa. Superior Ct. 573, 1 A.2d 485 (1938). However, while the full text of Judge Parker's opinion was reproduced at 334 Pa. 410, 6 A.2d 306, it was not reproduced in the Pennsylvania Reporter at 334 Pa. 410, 6 A.2d 306.

**6.** We note that the trial court relied on *Mead Appeal,* 43 D & C 2d 369 (1967), for its holding that both the lessor and the lessee have an interest in real estate which may be assessed and taxed. Herein, PGE relies on *Mead Appeal* to show that Warren County assessed, and continues to assess, both the lessor and the lessee of an oil and gas lease in accordance with their respective interest. However, *Mead Appeal* did not address the issue of whether fractional interests in a taxable estate *must* be assessed separately. In *Mead Appeal,* the appellant was only challenging the amount of the assessment. Moreover, the fact that Warren County assesses both the lessor and the lessee of an oil and gas lease in accordance with their respective interest is of no moment where Section 407(c) of the Assessment Law does not require such a division of assessments.