J-A29013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM DARROCH | : | |
| | : | |
| Appellant | : | No. 234 EDA 2017 |

Appeal from the Judgment of Sentence December 14, 2016
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0000816-2016

BEFORE:   LAZARUS, J., PLATT*, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 21, 2017**

Adam Wayne Darroch appeals from his judgment of sentence, entered in the Court of Common Pleas of Bucks County, following his convictions for aggravated indecent assault[1] and indecent assault.[2]  After careful review, we affirm.

Darroch resided in a home with several housemates, including the victim, C.K., C.K.'s daughter, and C.K.'s boyfriend.  On August 16, 2015, Darroch and several other residents were drinking heavily when they decided to watch a movie in the shared living room of the house.  C.K., not a participant in the drinking, fell asleep on a couch in the living room.  Sometime later, C.K. awoke with Darroch on top of her with one hand up the leg of her

_____

[1] 18 Pa.C.S. § 3125.

[2] 18 Pa.C.S. § 3126.

_____

\*   Retired Senior Judge assigned to the Superior Court.

pants and the other hand attempting to remove her bra. Darroch's fingers were penetrating C.K.'s vagina. C.K. cursed at Darroch and kicked at him until he desisted. C.K. then left the room.

Two days later, C.K. reported the incident to her boyfriend, her housemates, and the police. The police investigated and ultimately charged Darroch with aggravated indecent assault and indecent assault. In addition to the assault on C.K., C.K. also alleged that Darroch had acted inappropriately toward C.K.'s minor daughter. Accordingly, the responding police officers independently investigated allegations that Darroch had victimized both C.K. and her daughter. Darroch was not charged with any offenses relating to C.K.'s daughter due to a lack of evidence, but he was charged with the above-listed sexual offenses against C.K.

The parties agreed before trial that the Commonwealth would not introduce any evidence involving Darroch's alleged misconduct toward C.K.'s daughter. However, the Commonwealth presented the testimony of Officer Mancuso, who responded to C.K.'s initial 911 call to investigate the allegations involving C.K.'s daughter, not the acts against C.K. herself. In order to limit the risk of prejudice, the Commonwealth instructed Officer Mancuso to discuss only matters involving C.K. directly, and to avoid any testimony involving C.K.'s daughter.

While on the stand, the Commonwealth asked Officer Mancuso why he had been called to the address. Officer Mancuso attempted to comply with the prosecutor's instructions by avoiding mention of C.K.'s daughter. As such,

he replied that he was investigating a sexual assault, but did not specify further. The prosecutor followed up by asking whether C.K. was the alleged victim. Officer Mancuso truthfully replied that she was not. At this point, the defense attorney objected, reminding the court that there was a high risk of disclosing incurably prejudicial testimony involving C.K.'s daughter. The judge ordered a sidebar and cautioned the prosecutor to steer the testimony away from C.K.'s daughter.

Officer Mancuso was not privy to this sidebar, so he only heard the court's instruction after the sidebar, stating, "Go back to when [Officer Mancuso] was called to the scene and let's clear that up because I think it's a little confusing for all of us." N.T. Trial, 6/9/16, at 145. The prosecutor then asked Officer Mancuso for the second time why he responded to Darroch's residence. Officer Mancuso—believing that the court was asking him to fully clarify the situation—testified truthfully that he had been called to investigate the alleged sexual assault of C.K.'s eight-year-old child. The defense immediately moved for a mistrial, which the court granted.

Prior to the second trial, Darroch moved to dismiss the charges on the grounds of double jeopardy. The trial court granted an evidentiary hearing, but denied Darroch's motion. Darroch then moved to stay the proceedings to pursue an interlocutory appeal on the issue of double jeopardy. The trial court denied this motion and proceeded with the retrial, which resulted in the jury finding Darroch guilty of aggravated indecent assault and indecent assault. Darroch now appeals.

Darroch raises three issues for our consideration. First, he argues that the Double Jeopardy Clauses of the United States and the Pennsylvania Constitutions should have barred his retrial. Second, he argues that the trial court erred when it refused to stay the proceedings so that Darroch could file an interlocutory appeal on the issue of double jeopardy. Third, and finally, Darroch argues that the evidence was insufficient to sustain his convictions. We address each argument in turn.

The Double Jeopardy Clauses of the United States and the Pennsylvania Constitutions serve to protect a criminal defendant from repeated prosecution for the same offense. *Commonwealth v. Graham*, 109 A.3d 733, 736 (Pa. Super. 2015). Retrial is typically permissible where a defendant successfully moves for mistrial, and "most forms of undue prejudice caused by inadvertent prosecutorial error or misconduct can be remedied in individual cases by retrial." *Commonwealth v. Kearns*, 70 A.3d 881, 885 (Pa. Super. 2013). However, retrial may be barred by double jeopardy when the prosecutor's conduct is intended to provoke a defendant to move for a mistrial, or when "the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial." *Commonwealth v. Smith*, 615 A.2d 321, 325 (Pa. 1992). In either case, "it is the *intentionality behind the Commonwealth's subversion of the court process,* not the prejudice caused to the defendant, that is inadequately remedied by appellate review or retrial." *Kearns*, 70 A.3d at 884–85 (emphasis in original).

When reviewing a trial court's double jeopardy determination, our scope of review is plenary and our standard is *de novo* on questions of law. **Commonwealth v. Anderson**, 38 A.3d 828, 834 (Pa. Super. 2011). We give deference to the trial court on questions of fact and determinations of credibility.

> Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

*Id.* (quoting **Commonwealth v. Wood**, 803 A.2d 217, 220 (Pa. Super. 2002)).

Thus, we must determine whether the Commonwealth acted intentionally to provoke a mistrial or to prejudice the defendant, or whether the prejudicial testimony arose through inadvertence or simple error. The trial court "firmly believe[d]" that the prosecutor and the witness made a good faith effort to comply with the court's orders. N.T. Double Jeopardy Hearing, 6/13/16, at 13, 15-17, 55-58. After review, we agree.

Officer Mancuso's harmful testimony arose from the confluence of several errors, but none of them is attributable to intentional prosecutorial misconduct. First, Officer Mancuso was not a party to the sidebar; thus, he was not instructed with regard to the scope of acceptable testimony. *Id.* at 57. Consequently, Officer Mancuso misunderstood the court's instruction that he was to "clarify" his testimony. *Id.* at 31, 44-46. As a result, Officer

Mancuso felt that he had to give "more clarity" and "the truth of why [he] was there, and [he] testified that it was for the sexual assault of an eight-year-old child." *Id.* at 46. Further, the prosecutor admittedly failed to artfully lead Officer Mancuso away from the inadmissible testimony. At sidebar, the court instructed the prosecutor to "go back and start over." N.T. Trial, 6/9/16, at 144. Complying literally with the trial court's instructions, the prosecutor "started over" by repeating the same question that began the disputed testimony. *Id.* at 141, 145. The prosecutor's query may not have comported with the constrained leading questions envisaged by the trial court, but the question, as it was asked, does not prove the prosecutor's intentional attempt to subvert the trial. As Officer Mancuso aptly stated, "it was a perfect storm" of confusion among Officer Mancuso, the judge, and the prosecutor. *Id.* at 44.

This was not a case of intentional prosecutorial misconduct, nor was it a case where the prosecutor's inappropriate action resulted in the denial of justice. Instead, the error arose from a confluence of missteps made by the trial court, the prosecution, and Officer Mancuso. None of these parties acted with any clear intent to subvert justice, and the court swiftly remedied the error by immediately ordering a mistrial. We ultimately agree with the trial court's assessment that the prosecutor did not act with intent to force a mistrial or to prejudice Darroch. As such, Darroch's first claim warrants no relief.

Darroch next argues that the court should have stayed the proceedings so that Darroch could file an interlocutory appeal on the issue of double jeopardy. A defendant generally has the right to appeal a trial court's pre-trial double jeopardy determination. **Commonwealth v. Bolden**, 373 A.2d 90 (Pa. 1977). However, no interlocutory appeal is permitted where the trial court makes an express finding that the double jeopardy motion was frivolous. **Commonwealth v. Orie**, 22 A.3d 1021 (Pa. 2011).

When considering a motion to dismiss on the basis of double jeopardy, the trial court must make findings of fact and law on the record, along with an order granting or denying the motion. **See** Pa.R.Crim.P. 587(B)(3). Next, the court must state on the record whether the motion is frivolous. **See** Pa.R.Crim.P. 587(B)(4). If the motion is frivolous, the trial court must advise the defendant of his further appellate rights under Pa.R.A.P. 1573. **See** Pa.R.Crim.P. 587(B)(5). Here, the trial court complied with the procedural requirements. The judge entered findings of fact and law on the record, denied Darroch's motion, and stated that the motion was frivolous. N.T. Double Jeopardy Hearing, 6/13/16, at 54-61. Finally, the judge advised the defendant on the record of his appellate rights under Pa.R.A.P. 1573. **Id.** at 60. In light of our discussion above regarding Darroch's double jeopardy claim, the trial court committed no error in denying Darroch's motion to stay for interlocutory appeal. Darroch's second claim warrants no relief.

Lastly, Darroch claims that the evidence was insufficient to sustain his convictions. The standard for a sufficiency claim is as follows:

In reviewing the sufficiency of the evidence, we view all evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, to see whether there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to a crime beyond a reasonable doubt. Although a conviction must be based on "more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty."

Moreover, when reviewing the sufficiency of the evidence, the Court may not substitute its judgment for that of the fact finder; if the record contains support for the convictions, they may not be disturbed.

*Commonwealth v. Stokes*, 78 A.3d 644, 649 (Pa. Super. 2013) (internal citations omitted).

Darroch was convicted of aggravated indecent assault and indecent assault. A person commits aggravated indecent assault if that person non-consensually "engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures." 18 Pa.C.S. § 3125. A person commits indecent assault if that person non-consensually "has indecent contact with the complainant [or] causes the complainant to have indecent contact with the person . . . for the purpose of arousing sexual desire in the person or the complainant[.]" 18 Pa.C.S. § 3126. "Indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101.

- 8 -

This Court has held that "the uncorroborated testimony of a victim, if believed by the trier of fact, is sufficient to convict a defendant, despite evidence from a defense witness." **Commonwealth v. Filer**, 846 A.2d 139, 141-42 (Pa. Super. 2004) (quoting **Commonwealth v. Davis**, 650 A.2d 452, 455 (Pa. Super. 1994)). Here, C.K. testified that Darroch penetrated her vagina with his fingers without her consent and while she was asleep. N.T. Trial, 6/13/16, at 119-21. She further testified that Darroch attempted to remove her bra at the same time. **Id.** These instances of unwanted touching, which include penetration, fulfill the elements of both aggravated indecent assault and indecent assault. Moreover, the jury, as finder of fact, was free to believe C.K.'s testimony. **Commonwealth v. Estepp**, 17 A.3d 939, 943–44 (Pa. Super. 2011).[3] As such, Darroch's third and final claim warrants no relief.

Judgment of sentence affirmed.

---

[3] Even so, C.K.'s testimony is supported by Darroch's admission to the investigating detectives that he "may have touched [the victim's] private area" and that he "fingered her." N.T. Trial, 6/14/16, at 59. Despite Darroch's later equivocation, the jury had a sufficient basis to find Darroch guilty on all charges.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2017