J-S16028-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEPHEN ERIC RAUGHT | : | |
| | : | |
| Appellant | : | No. 2551 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 15, 2022
In the Court of Common Pleas of Chester County
Criminal Division at CP-15-CR-0001583-2020

BEFORE:  DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 20, 2023**

Stephen Eric Raught (Appellant) appeals *pro se* from the judgment of sentence entered after a jury convicted him of endangering the welfare of children (EWOC).[1]  We affirm.

Appellant was a high school teacher on March 16, 2020, when he had inappropriate contact with a 17 year old student.  On May 8, 2020, the Commonwealth charged Appellant with one count each of institutional sexual assault, corruption of minors, unlawful contact with a minor, and EWOC.  On October 26, 2021, a jury convicted Appellant of EWOC, and acquitted him of the other charges.

_____

[1] 18 Pa.C.S.A. § 4304(a).

On March 15, 2022, the trial court, having reviewed a pre-sentence investigation report (PSI), sentenced Appellant to a standard-range sentence of 6 - 23 months in prison followed by one year of probation. Appellant filed a timely post-sentence motion and notice of appeal. On July 11, 2022, this Court dismissed the notice of appeal because the post-sentence motion remained pending with the trial court. The trial court denied Appellant's post-sentence motion on July 20, 2022.

On August 29, 2022, Appellant filed a *pro se* motion to reinstate his post-sentence motion and direct appeal rights *nunc pro tunc*. The trial court denied reinstatement of the post-sentence motion, but granted Appellant permission to appeal *nunc pro tunc*. This appeal followed.[2]

Appellant presents the following questions for review:

1. Whether the trial court [c]ommitted an error of law, and/or abused its discretion by sentencing the Appellant to a term of incarceration when the Appellant was only convicted of an offense graded as a misdemeanor in the first degree; and when the Appellant had no prior criminal record?

2. Whether the trial court [c]ommitted an error of law, and/or abused its discretion by sentencing the Appellant to a term of incarceration at the high end of the of the standard guideline range when the Appellant was only convicted of an offense graded as a misdemeanor in the first degree; and when the Appellant had no prior criminal record?

---

[2] On January 20, 2023, this Court remanded for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998). Thereafter, the trial court determined that Appellant knowingly, voluntarily, and intelligently waived his right to counsel.

3. Whether the trial court abused its discretion, and/or committed an error of law by sentencing the Appellant to a term of incarceration which was fundamentally unfair under the particular facts and circumstances of the case, and the evidence introduced at the Appellant's trial?

4. Whether the trial court abused its discretion, and/or committed an error of law by sentencing the Appellant to a term of incarceration which was against public policy, given the particular facts and circumstances of the case, and the evidence introduced at the Appellant's trial?

5. Whether the trial court abused its discretion, and/or committed an error of law by sentencing the Appellant to a term of incarceration when the Commonwealth failed to introduce any evidence at the Appellant's trial which would establish any of the required elements, and therefore support a guilty verdict on the offense of [EWOC] alone; which clearly renders the jury's verdict to be against the weight of the evidence which was presented at the Appellant's trial?

6. Whether the trial court abused its discretion, and/or committed an error of law by sentencing the Appellant to a term of incarceration which was based upon the trial court's consideration of facts which were not in evidence at the Appellant's trial as aggravating factors in sentencing the Appellant?

7. Whether the trial court abused its discretion, and/or committed an error of law by sentencing the Appellant to a term of incarceration when doing so served to usurp the function of the jury as the trier of fact, by considering substantive testimony from the alleged victim, as well as other evidence which was considered and rejected, and/or found to be incredible and/or unreliable by the jury, as aggravating factors in sentencing the Appellant?

Appellant's Brief at 5-7.[3]

---

[3] Appellant presented nine issues but has withdrawn the last two. *See* Appellant's Brief at 18.

In all but his fifth issue, Appellant challenges the discretionary aspects of his sentence. There is no absolute right to challenge the discretionary aspects of a sentence. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). Before reaching the merits of a discretionary sentencing claim, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329–30 (Pa. Super. 2013) (citation omitted).

Appellant preserved his sentencing issues in a post-sentence motion and filed a timely appeal. However, Appellant has not included a Rule Pa.R.A.P. 2119(f) statement in his brief. "A failure to include the Rule 2119(f) statement does not automatically waive an appellant's argument … we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement." *Commonwealth v. Roser*, 914 A.2d 447, 457 (Pa. Super. 2006). Because the Commonwealth has not objected to the absence of the 2119(f) statement, we consider whether Appellant has raised a substantial question.

Appellant contends the trial court improperly sentenced him to incarceration, "when Appellant was only convicted of an offense graded as a misdemeanor in the first degree; and when [he] had no prior criminal record."

Appellant's Brief at 14. Appellant claims the trial court "relied heavily" on the victim's trial testimony and "sensational victim impact statement." *Id.* at 14-15. According to Appellant, the trial court improperly considered evidence related to the charges of which he was acquitted. *Id.* at 16-17. We conclude these claims raise a substantial question. *See Commonwealth v. Summers*, 245 A.3d 686, 692 (Pa. Super. 2021) (claim that sentence was harsh and excessive and trial court failed to consider mitigating factors raises substantial question); *Commonwealth v. Allen*, 24 A.3d 1058, 1064-65 (Pa. Super. 2011) ("[A] claim that a sentence is excessive because the trial court relied on an impermissible factor raises a substantial question.").

We consider the merits of Appellant's sentencing claims mindful of the following:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

When a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. *See Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010). We may only vacate a sentence that is within the guidelines if the sentence is

"clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2). In addition, when the trial court has had the benefit of a PSI, we "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988).

Here, the sentencing record shows that the trial court considered the PSI, and heard from witnesses who testified on behalf of the Commonwealth and Appellant. N.T., 3/15/22, at 3, 46. Notably, the trial court observed that the "charge that is relevant to this court today is the sentencing for [EWOC]." ***Id.*** at 43. There is nothing in the record that demonstrates the trial court considered evidence related to Appellant's other charges. Upon review, we conclude the trial court did not abuse its discretion in considering the appropriate factors and sentencing Appellant in the standard-range.

Appellant also challenges the sufficiency and weight of the evidence. Appellant's Brief at 19-33. Appellant maintains "the Commonwealth failed to introduce any evidence at Appellant's trial which would establish any of the required elements, and therefore support a guilty verdict on the offense of [EWOC.]" ***Id.*** at 16. Appellant asserts the evidence "clearly renders the jury's verdict to be against the weight of the evidence which was presented at Appellant's trial." ***Id.***

To "preserve a sufficiency claim, the Rule 1925(b) statement **must specify** the element or elements upon which the evidence was insufficient."

***Commonwealth v. Widger***, 237 A.3d 1151, 1156 (Pa. Super. 2020) (emphasis added). If the appellant does not specify the elements, the sufficiency claim is waived. ***Commonwealth v. Roche***, 153 A.3d 1063, 1072 (Pa. Super. 2017).

Appellant did not specify "sufficiency of the evidence" in his Rule 1925(b) concise statement, or articulate the elements of EWOC he was challenging. ***See*** Concise Statement, 10/24/22, at 2 (unnumbered) (stating "the Commonwealth failed to introduce any evidence at trial which would support a guilty verdict on the charge of [EWOC] alone; which clearly renders the jury's verdict … against the weight of the evidence."); ***cf.*** Appellant's Brief at 29-30 (discussing the standard of review for a sufficiency of the evidence claim). Thus, the trial court addressed the weight, but not sufficiency, in its Rule 1925(a) opinion. Trial Court Opinion, 2/17/23, at 20, 57-59 (analyzing Appellant's challenge to the weight of the evidence). We conclude that Appellant has waived his sufficiency claim because he failed to preserve it in his Rule 1925(b) statement. ***Roche***, 153 A.3d at 1072.

Waiver notwithstanding, Appellant's sufficiency challenge would lack merit.

> When reviewing a sufficiency of the evidence claim, this Court must view the evidence and all reasonable inferences to be drawn from the evidence in the light most favorable to the Commonwealth as verdict winner, and we must determine if the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt. This Court may not substitute its judgment for that of the factfinder. If the record contains support for the

verdict, it may not be disturbed. Moreover, a jury may believe all, some or none of a party's testimony.

***Commonwealth v. Burns***, 765 A.2d 1144, 1148 (Pa. Super. 2020) (citations omitted). "The Commonwealth may sustain its burden by means of wholly circumstantial evidence[.]" ***Commonwealth v. Brown***, 48 A.3d 426, 430 (Pa. Super. 2012).

An individual is guilty of EWOC if, when he is "supervising the welfare of a child under 18 years of age," he "knowingly endangers the welfare of the child by violating a duty of care, protection, or support." 18 Pa.C.S.A. § 4304(a). Here, Appellant either misstates the evidence or views the evidence in the light most favorable to him. ***See*** Appellant's Brief at 8-13; 29, 31-32. Appellant also appears to claim that the jury's verdict was inconsistent. ***Id.*** at 29 (stating "the substance of [the victim's] testimony was relevant only to the sexual offenses [and] the jury acquitted Appellant of each and every sexual offense; … there was no further evidence considered by the jury which support a finding of [EWOC].").

We have explained:

Inconsistent verdicts, while often perplexing, are not considered mistakes and do not constitute a basis for reversal. Rather, the rationale for allowing inconsistent verdicts is that it is the jury's sole prerogative to decide on which counts to convict in order to provide a defendant with sufficient punishment.

***Commonwealth v. Thoeun Tha***, 64 A.3d 704, 711 (Pa. Super. 2013).

In this case, the victim testified that Appellant was her teacher and mentor. N.T., 10/25/21, at 6-7, 9. The victim relayed that she was alone

- 8 -

with Appellant when he shut the classroom door, kissed her, and performed oral sex on her over her clothing. *Id.* at 14, 41, 43-47. Appellant told her, "I wish I could taste you, and I wish I was inside you." *Id.* at 24. This testimony was sufficient for the jury to convict Appellant of EWOC. *Commonwealth v. Brooks*, 7 A.3d 852, 856-57 (Pa. Super. 2010) (holding minor victims' testimony that appellant made them do sexual "stuff" was sufficient to sustain a conviction of EWOC); *Commonwealth v. Davis*, 650 A.2d 452, 455 (Pa. Super. 1994) (victim's uncorroborated testimony, if believed by the trier of fact, is sufficient to support a conviction even if the defense presents countervailing evidence). In the absence of waiver, Appellant's sufficiency claim would lack merit.

Appellant also argues his conviction was against the weight of the evidence.[4] "A weight of the evidence claim **concedes that the evidence is sufficient to sustain the verdict** but seeks a new trial on the grounds that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." *In re A.G.C.*, 142 A.3d 102, 109 (Pa. Super. 2016) (emphasis added). "Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth. v. Widmer*, 744 A.2d 745, 753 (Pa. 2000) (citation omitted).

---

[4] Appellant preserved this issue by raising it in his post-sentence motion. *See* Pa.R.Crim.P. 607 (challenges to the weight of the evidence).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination of whether the verdict is against the weight of the evidence.

*Id.* (citation omitted).

In rejecting Appellant's weight claim, the trial court explained:

> After a thorough review of the evidence, this [c]ourt unequivocally determined that the guilty verdict on the charge of [EWOC] is not against the weight of the evidence. To the contrary, the evidence strongly supports the verdict. The testimony from the witnesses was compelling. The jury's verdict on this charge was not so contrary to the evidence as to shock one's sense of justice.

Trial Court Opinion, 2/17/23, at 59. As the record supports the trial court's disposition, we discern no abuse of discretion. **Widmer**, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2023

- 10 -